**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1363C
Filed May 11, 2018
NOT FOR PUBLICATION

**FILED**

**MAY 11 2018**

**U.S. COURT OF FEDERAL CLAIMS**

---

| | |
|---|---|
| OLADAPO AD OLAJIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | RCFC 59(e); Motion To Alter Or Amend |
| v. ) | Judgment. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

*Oladapo ad Olajide*, Oakland, CA, plaintiff *pro se*.

*Devin A. Wolack*, Trial Attorney, *Elizabeth M. Hosford*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

**I.      INTRODUCTION**

Plaintiff *pro se*, Oladapo ad Olajide, has moved to alter or amend the judgement entered in this matter on March 6, 2018, pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has also moved for leave to file an amended complaint, pursuant to RCFC 7(b), and moved for entry of a temporary restraining order, pursuant to RCFC 65. For the reasons set forth below, the Court **DENIES** plaintiff's motions.

**II.     BACKGROUND**

A detailed factual background for this case is set forth in the Court's March 6, 2018, Memorandum Opinion and Order dismissing this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted (the "March 6, 2018, Decision"). *See Olajide v. United States*, No. 17-1363C, 2018 WL 1980263, at *1-2 (Fed. Cl. Mar. 6, 2018).

7017 1450 0000 1346 4896

In short, plaintiff alleged breach of contract, "breach of the implied covenant of trust," and Fifth Amendment takings claims against the United States, in connection with a private bill of exchange and a certified agreement that plaintiff alleged that he entered into with the United States. *See generally* Compl.

On March 6, 2018, the Court issued a Memorandum Opinion and Order dismissing this case for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and (6). *See generally Olajide*, 2018 WL 1980263. In the March 6, 2018, Decision, the Court dismissed plaintiff's breach of contract claim for lack of subject-matter jurisdiction, because plaintiff failed to establish the existence of an express or implied-in-fact contract with the government. *Id.* at *6. The Court also held that plaintiff's takings claim must be dismissed for failure to state claim upon which relief can be granted, because plaintiff failed to identify a cognizable property interest, or a government action that resulted in the alleged taking of his property. *Id.* at *7.

In addition, the Court held that, to the extent that the complaint alleged a claim based upon a violation of a federal statute or regulation, dismissal of this matter for lack of subject-matter jurisdiction was also appropriate because plaintiff failed to identify a money-mandating source of law that would permit him to bring this action under the Tucker Act. *Id.* at *7-8. And so, the Court dismissed this matter and entered judgment accordingly. *Id.*

On March 22, 2018, plaintiff timely filed a motion to alter or amend judgment pursuant to RCFC 59(e). *See generally* Pl. Mot. In his motion, plaintiff seeks to alter or amend judgment to "give the court an opportunity to correct any wrongdoing or unfair conduct that may cause irreparable harm to [him] in his quest to claim and declare substantive rights that he is entitled to as a U.S. Citizen." *Id.* at 2. Plaintiff also states that "[n]ew evidence has since been presented to [him] . . . which has enabled him to raise new matters before this court in an amended complaint." *Id.* at 2-3. And so, plaintiff requests that the Court alter or amend the judgment entered in this case and that he be granted leave to file an amended complaint. *Id.* at 4.

### III.  LEGAL STANDARDS

RCFC 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." RCFC 59(e). To prevail upon a timey filed motion to alter or amend judgment, the moving party must "make an evidentiary showing of

2

extraordinary circumstances." *Progressive Indus., Inc. v. United States*, 131 Fed. Cl. 66, 69 (2017) (citing *Johnson v. United States*, 127 Fed. Cl. 661, 663 (2016)), *aff'd*, No. 17-1941, 2018 WL 1996923 (Fed. Cir. Apr. 30, 2018).

Such extraordinary circumstances include: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of granting the motion to prevent manifest injustice. *Lee v. United States*, 130 Fed. Cl. 243, 251 (2017), *appeal docketed*, No. 17-1643 (Fed. Cir. Feb. 16, 2017); *see also Progressive Indus.*, 131 Fed. Cl. at 69 (quoting *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010)). But, a motion under RCFC 59(e) "is not intended to give an 'unhappy litigant an additional chance to sway' the court." *Salem Fin., Inc. v. United States*, 119 Fed. Cl. 84, 86 (2014) (quoting *Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006)).

## IV. LEGAL ANALYSIS

### A. Plaintiff Is Not Entitled To Relief Under RCFC 59(e)

A careful review of plaintiff's motion to alter or amend judgment makes clear that plaintiff has not demonstrated that extraordinary circumstances warrant granting such relief under RCFC 59(e). To prevail upon a motion to alter or amend judgment, plaintiff must "make an evidentiary showing of extraordinary circumstances," which may include: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of granting the motion to prevent manifest injustice. *Lee*, 130 Fed. Cl. at 251; *see also Progressive Indus.*, 131 Fed. Cl. at 69. Plaintiff makes no such showing here.

In his motion, plaintiff states that the Court should alter or amend the judgment entered in this matter, because "[n]ew evidence has since been presented to [him] . . . which has enabled him to raise new matters before this court in an amended complaint." Pl. Mot. at 2. The "new evidence" that plaintiff references in his motion appears to be certain public statements made by Treasury Secretary Stephen T. Mnuchin and Treasurer of the United States Jovita Carranza on February 13, 2017. *See id.* at Ex. 2 (Amended Complaint at ¶ 24).

But, as plaintiff acknowledges in his proposed amended complaint, these public statements were made in February 2017—months before plaintiff commenced this action on September 27, 2017. *Id.* And so, to the extent that these statements form the basis for plaintiff's

3

motion to alter or amend judgment upon the ground of the availability of previously unavailable evidence, plaintiff's motion is without merit.

Relief pursuant to RCFC 59(e) is also not appropriate in this case because plaintiff fails to show that reconsideration of the Court's March 6, 2018, Decision is necessary to prevent manifest injustice. In his motion, plaintiff seeks to alter or amend judgment to "give the court an opportunity to correct any wrongdoing or unfair conduct that may cause irreparable harm to [him] in his quest to claim and declare substantive rights that he is entitled to as a U.S. Citizen." *Id.* at 2. But, plaintiff does not identify any error or wrongdoing that would justify altering or amending the judgment in this matter. *See generally id.* And so, plaintiff has simply not met his burden to show that he is entitled to relief under RCFC 59(e). *See Ogunniyi v. United States*, 124 Fed. Cl. 668, 672 (2016) (explaining in the context of a motion for reconsideration that a party moving under RCFC 59 must demonstrate that any injustice is "'apparent to the point of being almost indisputable'").[1]

### B. The Court Denies Plaintiff's Motion For Leave To File An Amended Complaint

The Court must also deny plaintiff's motion for leave to file an amended complaint. *See* Pl. Mot. at 4. In his motion for leave, plaintiff improperly seeks to file an amended complaint after the Court has dismissed this matter and entered judgment in favor of the government. *Id.* A review of plaintiff's proposed amended complaint also makes clear that plaintiff seeks to belatedly file his amended complaint to circumvent the anti-filing injunction entered by the Court on March 6, 2018, which requires that plaintiff obtain leave from the Chief Judge of the Court before submitting any new filings.[2] *Id.* at 3-4; *see generally id.* at Ex. 2. And so, the Court must **DENY** plaintiff's motion for leave to file an amended complaint.

---

[1] For the same reasons, the Court denies plaintiff's motion for a temporary restraining order.

[2] In the March 6, 2018, Decision, the Court directed the Clerk to accept no further filings by plaintiff without an Order granting leave to file such filings from the Chief Judge of the United States Court of Federal Claims. *See Olajide v. United States*, No. 17-1363C, 2018 WL 1980263, at *8 (Fed. Cl. Mar. 6, 2018). The Court also ordered that, in seeking leave to file any future actions, plaintiff shall explain how his complaint raises new matters properly before this Court. *Id.*; *see also* RCFC 11(b) and (c) (barring the filing of unwarranted or frivolous claims that have no evidentiary support).

IV.  CONCLUSION

In light of the foregoing, the Court:

1.  **DENIES** plaintiff's motion to alter or amend judgment;

2.  **DENIES** plaintiff's motion for leave to file an amended complaint; and

3.  **DENIES** plaintiff's motion for a temporary restraining order.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge